USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSHUA LINER,

                              Plaintiff,

        -v.-

BRIAN FISCHER, et al.,

                             Defendants.
------------------------------------------------------------x

REPORT AND RECOMMENDATION

11 Civ. 6711 (PAC) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Paul A. Crotty, United States District Judge:**

      Plaintiff Joshua Liner ("Liner"), an inmate in New York State custody, has brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights arising from denial of his glaucoma medication while at Downstate Correctional Facility during the past year and a half, as well as from numerous other incidents at several prisons where he has lived. Proceeding pro se, he has sued Brian Fischer, Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"); Carl J. Koenigsmann, Chief Medical Doctor for DOCCS; Ada Perez, Superintendent of Downstate Correctional Facility; and L. Wilcox, a Nurse Practitioner at Lakeview Shock Incarceration Correctional Facility (collectively "Defendants").

      Defendants have moved for the Court to revoke Plaintiff's in forma pauperis ("IFP") status on the ground that Liner, having had more than three prior cases dismissed as frivolous, malicious, or for failure to state a claim, is in violation of the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). For the reasons that follow, I recommend that the motion be denied without prejudice.

USDC SDNY
DATE SCANNED 7/11/12

I.  **Background**

    A.  Liner's Allegations

The following facts are taken from the amended complaint that Liner filed on April 23, 2012 ("Am. Compl.") (Doc. No. 19), and are accepted as true for purposes of this motion. While the pleading is not entirely clear, Liner appears to allege the following: his property and legal papers were lost or damaged when he was transferred among Gowanda, Orleans, Clinton, and Elmira Correctional Facilities, Am. Compl. at 12; on May 27, 2011, a correction officer at Gowanda Correctional Facility threatened to urinate on Plaintiff's legal materials, id. at 12, 15; officers interfered with his legal mail at Upstate Correctional Facility, id. at 14; officers delayed delivering or denied him food at Gowanda, Wyoming, and Great Meadow Correctional Facilities, id. at 14; and he was denied due process at disciplinary hearings on May 19, 2011 and August 11, 2011, id. at 13, 14.[1] Liner also alleges that he has chronic back pain and that he is currently being denied bottom-bunk-only status and a back brace at Lakeview Shock Incarceration Correctional Facility. Id. at 1. He alleges that officials are depleting all of his prison funds, id. at 2, leaving him unable to buy any postage stamps, id., or lotion, which was recommended to him for a skin condition, id. at 19.

Finally, Liner alleges that he has had glaucoma since 2006, and an "eye specialist" has prescribed him "three bottles" of eye medication, but for the last year and a half, he has received only two. Id. at 10. He states that when he was transferred to Downstate Correctional Facility to attend court proceedings, he was denied his eye medication altogether on March 4-6, 2011, July 30-31, 2011, and March 23-27, 2012. Id. at 20. He alleges that when he receives the three

---

[1] He does not allege where these hearings took place. Id.

bottles of medication, his vision improves, but when he is denied medication, it deteriorates. Id. at 10. Liner alleges that "already a lot of vision has left, causing blur visions" and that he could "lose his vision" completely. Id. at 13.

### B. Procedural History

On April 19, 2012, Defendants moved to have the Court revoke Liner's IFP status, arguing that he had accumulated more than three "strikes" – i.e., prior actions that were dismissed as frivolous, malicious, or for failure to state a claim – and therefore was barred, under 28 U.S.C. § 1915(g), from filing new actions IFP. Defendants' Memorandum of Law in Support of their Motion to Have Plaintiff's IFP Status Revoked, dated April 19, 2012 ("Def. Mem."), at 2-3 (Doc. No. 16). Defendants further argued that Liner did not satisfy the exception to § 1915(g) because he did not allege facts demonstrating that he was in "imminent danger of serious physical injury." Def. Mem. at 3-4. They request that the Court revoke Liner's IFP status and dismiss the action without prejudice, subject to reopening if Plaintiff pays the $350 filing fee within 30 days. Id. at 4-5.

Liner's amended complaint was filed on April 23, 2012 (though dated April 16, 2012), before Defendants filed their motion. Accordingly, on May 1, 2012, the Court directed Defendants to submit a letter "indicating what effect, if any, the Amended Complaint has on their motion . . . [i]n particular, . . . the extent to which the Amended Complaint demonstrates whether Plaintiff is in 'imminent danger of serious physical injury' under 28 U.S.C. § 1915(g)." Order, dated May 1, 2012 (Doc. No. 20). Defendants submitted a letter dated May 10, 2012 stating that the only physical injuries Liner alleged in the amended pleading were his "glaucoma and back pain, which Plaintiff admits were pre-existing conditions for several years" and therefore could not constitute "imminent danger of serious physical injury." Letter dated May

3

10, 2012 (Doc. No. 26). Liner filed opposition papers on May 10, 2012, disputing that his prior cases cited by Defendants constituted "strikes" and reiterating all of his claims. Plaintiff's Opposition ("Pl. Opp.") (Doc. No. 24). Defendants did not file a reply.

## II. Discussion

The PLRA, enacted in 1996, added the following "three-strikes" provision to the IFP statute:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Dismissals predating the PLRA's enactment may count as strikes. See Welch v. Galie, 207 F.3d 130, 132 (2d Cir. 2000).

Defendants identify five of Liner's prior cases and contend that they were dismissed as frivolous, malicious, or for failure to state a claim and therefore qualify as "strikes." The first case, Liner v. Abrams, No. 88 Civ. 2326 (TPG), 1988 WL 64819 (S.D.N.Y. June 15, 1988), was a *habeas corpus* action. The three-strikes provision of the PLRA does not apply to *habeas* petitions. See Reyes v. Keane, 90 F.3d 676, 678 (2d Cir. 1996) (concluding that the PLRA does not apply to petitions for a writ of *habeas corpus*), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 336 (1997). The dismissal of this action therefore cannot qualify as a "strike."

In the second case, Liner v. Giuliani, No. 95 Civ. 2587 (TPG) (S.D.N.Y. filed Apr. 17, 1995), Liner challenged, under 42 U.S.C. § 1983, the state criminal court's decision not to allow him to appear *pro se* in those proceedings. The court dismissed the action because defendants were not personally involved in the alleged wrongdoing, as well as under Heck v. Humphrey,

512 U.S. 477 (1994), and Younger v. Harris, 401 U.S. 37 (1971). These grounds constitute "failure to state a claim," and the dismissal of this case therefore constitutes a "strike."

In the third case, brought while Liner was in prison, Liner v. Food Emporium, No. 96 Civ. 747 (TPG) (S.D.N.Y. filed Feb. 1, 1996), Liner alleged, under 42 U.S.C. § 1983, that a supermarket manager and employees falsely accused him of theft and assaulted him. The court dismissed the complaint for failure to allege that defendants were state actors, i.e., failure to state a claim, which also constitutes a "strike."

The fourth and fifth cases that Defendants cite are in fact two decisions from the same case, No. 98 Civ. 1207 (AKH), in which Plaintiff paid the filing fee.[2] The purpose of the PLRA, particularly the "three-strikes" provision, was to limit the ability of prisoners to file numerous lawsuits without regard to the costs or the merits of their claims. See Neitzke v. Williams, 490 U.S. 319, 324 (1989) ("a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"); Bea v. Doe, 401 F. Supp. 2d 538, 540 (E.D. Va. 2005) ("The important and manifest purpose of the three-strikes provision is to prevent inmates from abusing their right to proceed *in forma pauperis* where it appears an inmate has developed a pattern of filing frivolous claims."). Indeed, the PLRA three-strikes provision is a subsection of the *in forma*

---

[2] Only one of these two decisions would qualify as a "strike" in any event. In the first decision, Liner v. Keane, No. 98 Civ. 1207 (AKH), 1999 WL 182592 (S.D.N.Y. Mar. 31, 1999), the court dismissed Liner's claims but gave him leave to amend his complaint. The court therefore did not dismiss the "action," and consequently it cannot count as a "strike." See Tafari v. Hues, 539 F. Supp. 2d 694, 702 (S.D.N.Y. 2008). Liner filed an amended complaint, and in the second decision, Liner v. Goord, 115 F. Supp. 2d 432 (S.D.N.Y. Sept. 28, 2000), the court dismissed the action in its entirety on grounds including failure to state a claim. Such a dismissal in a case filed IFP would constitute a "strike," but because Liner paid the fee in this case, it does not count as one.

*pauperis* statute, not of other sections of the United States Code where the PLRA is codified. See, e.g., 42 U.S.C. § 1997e(a), (e) (containing provisions requiring exhaustion of administrative remedies and showing of physical injury, respectively). The Court therefore declines to count the dismissal of this fee-paid action as a "strike."[3]

Nevertheless, Liner has accumulated at least one other "strike" in a case that was not cited by Defendants. In Liner v. Coughlin, No. 90 Civ. 6172 (CLB) (S.D.N.Y. filed Sept. 25, 1990), Liner alleged, under 42 U.S.C. § 1983, that correction officials violated his constitutional rights by denying him a back brace and dandruff shampoo. The action was dismissed for failure to state a claim, which constitutes a "strike." Counting this case, the Court therefore finds that Liner has accumulated three "strikes" under the PLRA, and he is barred under § 1915(g) from proceeding IFP.[4]

---

[3] Defendants also cite a sixth case, Liner v. Goord, No. 98 Civ. 6343, 582 F. Supp. 2d 431 (W.D.N.Y. Oct. 9, 2008), in which Liner paid the filing fee and which remains pending, and they note that the court in that action dismissed Liner's claims as to two defendants for failure to state a claim. As explained above, such a decision does not constitute a dismissal of the "action" and therefore cannot be considered a "strike."

[4] Although the Court has discussed only five of Liner's prior cases, he has filed, while a prisoner, numerous other cases in the federal district courts in New York. See Liner v. Fischer, No. 08 Civ. 1386 (N.D.N.Y. Mar. 14, 2012) (summary judgment in favor of defendants); Liner v. Senkowski, No. 92 Civ. 258 (N.D.N.Y. July 31, 1992) (motion to dismiss granted); Liner, et al. v. Coughlin, No. 91 Civ. 1265 (N.D.N.Y. May 6, 1994) (dismissed for failure to prosecute); Liner v. Coughlin, No. 91 Civ. 291 (N.D.N.Y. Mar. 21, 1994) (same); Liner v. Fisher, No. 89 Civ. 530 (N.D.N.Y. Nov. 22, 1991) (same); Liner v. Corrin, No. 88 Civ. 055 (N.D.N.Y. Oct. 11, 1994) (same); Liner v. City of New York, No. 11 Civ. 5196 (JGK) (S.D.N.Y. filed July 14, 2011) (pending); Liner v. Artus, No. 08 Civ. 5886 (GEL) (S.D.N.Y. Dec. 8, 2008) (*habeas corpus* petition denied); Liner v. Moran, No. 96 Civ. 4447 (JSR) (AJP) (S.D.N.Y. Oct. 17, 1997) (settled for $20,000.00); Liner v. Kane, No. 96 Civ. 1117 (SS) (S.D.N.Y. Apr. 15, 1997) (settled); Liner v. Cuomo, No. 90 Civ. 7657 (KTD) (LB) (S.D.N.Y. May 5, 1993) (dismissed for failure to prosecute); Liner v. Ward, No. 88 Civ. 1737 (RPP) (S.D.N.Y. Jan. 15, 1991); Liner v. Goord, No. 99 Civ. 6084 (W.D.N.Y. Feb. 16, 2006) (jury verdict in favor of defendants); Liner v. Kelly, No. 86 Civ. 1193 (W.D.N.Y. June 4, 1991); Liner v. Coughlin, No. 86 Civ. 477 (W.D.N.Y. June 4, 1991); Liner v. Kelly, No. 86 Civ. 864 (W.D.N.Y. June 10, 1996) (dismissed

Because Liner is barred under § 1915(g), he must either pay the filing fee or allege facts satisfying the statutory requirement that he is "under imminent danger of serious physical injury." An imminent danger is one "existing at the time the complaint is filed." Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009). The complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts." Id., at 298. "In deciding whether such a nexus exists," a court should consider "(1) whether the imminent danger of serious physical injury . . . allege[d] is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." Id. at 298-99 (emphasis in original). Although the feared physical injury must be "serious," courts "should not make an overly detailed inquiry into whether the allegations qualify for the exception[.]" Chavis v. Chappius, 618 F.3d 162, 169 (2d Cir. 2010) (quoting Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007)); see also Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) ("[Section] 1915(g) is not a vehicle for determining the merits of a claim . . . . [T]o fine-tune what is 'serious enough' to qualify for the exception . . . would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim. This is not required . . . ."). This would be inconsistent with the requirement that *pro se* complaints be interpreted "to raise the strongest arguments that they suggest." Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010). But "that tenet is inapplicable to legal conclusions, and

---

with prejudice), app. dismissed, No. 92-2401 (2d Cir. Sept. 2, 1992). The Court need not assess whether these cases constitute "strikes," having already determined that Liner has accumulated three strikes.

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Accordingly, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.'" Chavis, 618 F.3d at 170 (quoting Ciarpaglini, 352 F.3d at 331).

The amended complaint sets forth allegations that Liner is in imminent danger of serious physical injury. While his glaucoma diagnosis predates this lawsuit, his allegation that his vision is deteriorating and that the denial of his medication could result in total loss of vision is sufficiently serious to satisfy the exception to § 1915(g). The alleged physical harm appears to be real, and not "merely speculative or hypothetical." Jackson v. Fischer, No. 07 Civ. 1279 (TJM), 2009 WL 396424, at *3 (N.D.N.Y. Feb. 17, 2009) (internal citation omitted). Moreover, Liner's allegations that his vision improves or deteriorates depending on whether or how much medication he receives "reveal[s] a nexus between the imminent danger [he] alleges and the claims [he] asserts." Pettus, 554 F.3d at 298.

Finally, while only Liner's claims relating to his eyesight implicate the "imminent danger" exception, the Second Circuit in Chavis has held that "a plaintiff filing IFP on the basis of the imminent danger exception can proceed with all claims in [his] complaint." Chavis, 618 F.3d at 171-72. Accordingly, because one of his claims has a nexus to the imminent danger that Liner asserts, his other claims alleged in the amended complaint should proceed as well.

## III. Conclusion

For the foregoing reasons, I recommend that Defendants' motion to have the Court revoke Liner's IFP status be denied without prejudice to renewal if discovery reveals that Liner is not in imminent danger of serious physical injury.[5]

### PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010). If Liner does not have access to cases cited herein

---

[5] Once this motion is resolved, I will schedule a pre-trial conference with the parties to set a discovery schedule.

that are reported on Westlaw, he should request copies from Defendants.  See <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009).

Dated: New York, New York
July 11, 2012

_____
JAMES L. COTT
United States Magistrate Judge

**Copies of this Report and Recommendation have been sent by ECF to counsel of record and by mail to:**

Joshua Liner
DIN #04-A-4086
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, New York 14716