UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA LINER,

        Plaintiff,

      v.

BRIAN FISCHER, CARL J. KOENIGSMANN, ADA PEREZ, and L. WILCOX,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 12, 2012

11 Civ. 6711 (PAC) (JLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Joshua Liner ("Liner") brings this 42 U.S.C. § 1983 ("Section 1983") action, pro se, against Defendants Brian Fischer, Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"); Carl J. Koenigsmann, Chief Medical Doctor for DOCCS; Ada Perez, Superintendent of Downstate Correctional Facility; and L. Wilcox, a Nurse Practitioner at Lakeview Shock Incarceration Correctional Facility, alleging constitutional violations arising from various incidents at correctional facilities where New York State has housed him.

    On December 8, 2011 the Court referred the case to Magistrate Judge James L. Cott for general pretrial and dispositive motions. (ECF No. 8.) On April 19, 2012, Defendants moved to revoke Liner's *in forma pauperis* ("IFP") status and conditionally dismiss the Complaint. (ECF No. 15.) Liner filed his opposition on May 10, 2012. (ECF No. 24.) On July 11, 2012, Magistrate Judge Cott issued his Report and Recommendation that the motion be denied without prejudice. ("R&R," ECF No. 27.) For the reasons set forth below, the Court adopts Magistrate Judge Cott's R&R in its entirety and denies Defendants' motion without prejudice.

## BACKGROUND

### A.     Facts[1]

Liner is currently incarcerated at Lakeview Shock Incarceration Correctional Facility. Liner asserts that he has had glaucoma since 2006, and that an "eye specialist" has prescribed him three bottles of unspecified eye drops, but for the past year and a half, prison officials have only allowed him access to two bottles of the medication. He also alleges that he has been denied his eye medication altogether on several occasions when he was transferred to Downstate Correctional facility. Liner claims that when he receives all three bottles, his vision improves, but when he only receives two bottles, his vision deteriorates, and asserts that he could lose his vision completely if he is not allowed access to all three bottles of medication.

Liner also asserts various other claims for constitutional violations arising from his treatment at several New York State correctional facilities.

### B.     Parties' Arguments

Defendants argue that pursuant to Section 1915(g) of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) ("Section 1915(g)"), Liner is barred from bringing a new action IFP because he has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim. While Section 1915(g) includes an exception for when a plaintiff alleges facts that show he is in "imminent danger of serious physical injury," Defendants argue that Liner does not qualify because the physical symptoms complained of do not satisfy this standard, and request that the Court revoke Plaintiff's IFP status and dismiss the action without prejudice, subject to reopening if Liner pays the $350 filing fee within 30 days.

---

[1]  All facts taken from the July 11, 2012 R&R (citing Plaintiff's April 23, 2012 Amended Complaint (ECF No. 19)).

Liner argues that his previous cases do not qualify as "strikes" under the PLRA and asserts that Defendants' withholding of his eye medication will cause his vision to deteriorate and lead to blindness.  He alleges this threat qualifies as "imminent danger of serious physical injury" and invokes the Section 1915(g) exception.

### C.      Magistrate Judge Cott's R&R

Magistrate Judge Cott found that Liner had accumulated three strikes under the PLRA and thus is barred under Section 1915(g) from proceeding IFP.  (R&R at 6.)  Indeed, in addition to the five cases he carefully analyzed, Magistrate Judge Cott noted at least fifteen additional cases that Liner has brought in federal district courts in New York.  (Id.)  It is clear that Liner is a long-time resident of New York State correctional facilities and a frequent filer.  Magistrate Judge Cott did not discuss whether these additional cases constitute strikes because he determined (correctly) that Liner had accumulated three strikes.

Magistrate Judge Cott also concluded that Liner's allegations that he could lose his vision completely if he does not receive all three bottles of medication satisfied "the imminent danger" exception.  (Id. at 7–8.)  Accordingly, Magistrate Judge Cott recommended that Defendants' motion be denied without prejudice to renewal, should discovery reveal that Liner is not in imminent danger of serious physical injury.  (Id. at 9.)

The parties had fourteen days to file written objections to the R&R, but did not do so.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72(b)(2).

## DISCUSSION

### I.      STANDARD OF REVIEW

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The Court may adopt

those portions of the R&R to which no timely objection has been made, so long as there is no clear error on the face of the record. Feehan v. Feehan No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). Pleadings of a pro se plaintiff are held to a less stringent standard and are construed liberally "to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quotation omitted).

## II.  PLAINTIFF'S PREVIOUS ACTIONS

Section 1915(g) provides that a prisoner cannot proceed with a civil action IFP if, while incarcerated, he has brought three or more federal "action[s] or appeal[s] . . . that [were] dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "A claim is frivolous where it lacks an arguable basis either in law or in fact." Shakur v. Selsky, 391 F.3d 106, 113 (2d Cir. 2004) (quotation omitted). A dismissal prior to Congress's addition of this section in 1996 may count as a strike. See Welch v. Galie, 207 F.3d 130, 132 (2d Cir. 2000).

Magistrate Judge Cott found that Liner had accumulated at least three strikes under the PLRA: Liner v. Giuliani, No. 95 Civ. 2587 (TPG) (S.D.N.Y. 1995); Liner v. Food Emporium, No. 96 Civ. 747 (TPG) (S.D.N.Y. 1996); and Liner v. Coughlin, No. 90 Civ. 6172 (CLB) (S.D.N.Y. 1990). After a thorough review, Magistrate Judge Cott found that in each case Liner had failed to state a claim, resulting in a dismissal, and each case thus constituted a strike under the PLRA. (R&R at 4–6.) The Court finds no clear error in Magistrate Judge Cott's analysis and recommendation.

### III.     "IMMINENT DANGER" EXCEPTION

Having concluded that Liner had three strikes under Section 1915(g), and could not proceed IFP, Magistrate Judge Cott examined whether Lines had properly alleged that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception only applies to danger existing at the time the complaint is filed. Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010). A court "should not make an overly detailed inquiry into whether the allegations qualify for the exception," Chavis v. Chappius, 618 F.3d 162, 169 (2d Cir. 2010) (quotation omitted), but rather should consider "(1) whether the imminent danger of serious physical injury . . . allege[d] is *fairly traceable* to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would *redress* that injury." Pettus v. Morgenthau, 554 F.3d 293, 298–99 (2d Cir. 2009).

Liner's Amended Complaint alleges that Defendants' deprivation of his three bottles of eye medication is causing deterioration of his vision, which could lead to permanent loss of vision. Magistrate Judge Cott found this allegation brought Liner within the Section 1915(g) "imminent danger" exception. (R&R at 8.) The Court finds no clear error in Magistrate Judge Cott's analysis. The purported danger is "fairly traceable" to the alleged unlawful conduct and a favorable judicial decision would allow Plaintiff to receive all three bottles of medication, thus redressing the alleged injury. See Pettus, 554 F.3d at 298–99.

### IV.     PLAINTIFF'S OTHER CLAIMS

"A plaintiff filing IFP on the basis of the imminent danger exception can proceed with all claims in [his] complaint." Chavis, 618 F.3d at 171–72. Magistrate Judge Cott thus recommended that, even though only Liner's eye medication claim satisfies the Section 1915(g)

exception, Liner should be allowed to proceed IFP with all of his claims. (R&R at 8.) The Court finds no clear error with this recommendation.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Cott's Report and Recommendation in full. Defendants' motion to have Liner's IFP status revoked is DENIED WITHOUT PREJUDICE. The Order of Reference to Magistrate Judge Cott continues for further disposition of this matter.

Dated: New York, New York
October 12, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies mailed to:

Mr. Joshua Liner
DIN #04-A-4086
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, NY 14716