USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 7, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA LINER,

        Plaintiff,

        v.

BRIAN FISCHER, et al.,

        Defendants.

11 Civ. 6711 (PAC) (JLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Joshua Liner ("Liner") brings this 42 U.S.C. § 1983 ("Section 1983") action, pro se, against Defendants Brian Fischer ("Fischer"), Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"); Carl J. Koenigsmann ("Koenigsmann"), Chief Medical Doctor for DOCCS; Ada Perez ("Perez"), Superintendent of Downstate Correctional Facility ("Downstate"); and Lawrence Wilcox ("Wilcox"), a Nurse Practitioner at Lakeview Shock Incarceration Correctional Facility (collectively, "Defendants"). Liner alleges that his constitutional rights were violated while he was incarcerated at several different correctional facilities in New York.

    On December 8, 2011, the Court referred this case to Magistrate Judge James L. Cott. (ECF No. 8.) On December 20, 2012, Defendants filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 46.) On June 24, 2013, Magistrate Judge Cott issued a Report and Recommendation ("R&R") that the motion to dismiss be granted, except as to Liner's deliberate indifference claims against Wilcox regarding Liner's glaucoma treatment and back pain. (ECF No. 67.) Liner and Defendants each filed objections to the R&R. (ECF Nos. 72, 75.) For the reasons set forth below, the Court rejects both parties' objections and adopts Magistrate Judge Cott's R&R in its entirety.

I.        **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

        A.        **Liner's Medical Claims**

Liner asserts that he has suffered from glaucoma since 2006 and has been prescribed eye medication to treat this condition. Liner alleges that he has only received two of the three bottles of medication he was prescribed, and that all four Defendants are responsible for his lack of access to this medication. Liner alleges that Wilcox told Liner that he would not be receiving the third bottle of glaucoma medication because of budget cuts. Liner also alleges that Koenigsmann ordered this reduction in Liner's eye medication, that Fischer acted with deliberate indifference to Liner's medical need for this medication, and that Perez was responsible for the denial of his glaucoma medication at Downstate. Liner claims that Wilcox, Koenigsmann, Fischer, and Perez conspired to deny Liner his medication. Liner asserts that he filed numerous grievances that made each Defendant aware of his medical needs and attaches one May 15, 2010 letter to Fischer complaining about a female nurse at Wyoming who failed to treat several of his ailments. Liner seeks damages of $750,000.00 from each Defendant, and an injunction directing Wilcox and Koenigsmann to provide him with the glaucoma medication. Additionally, Liner asks the Court to compel Wilcox to turn over medical records created by the eye specialist who treated Liner while he was incarcerated.

Liner also claims that he requires lotion and medicated foot cream to treat various skin and foot ailments. Liner alleges that Wilcox has been deliberately indifferent to his skin and foot conditions, grossly negligent by refusing to examine Liner's skin conditions, and retaliated against Liner for bringing this claim by stopping the order for medicated foot cream. Liner

---

[1] All facts are taken from the June 24, 2013 R&R unless otherwise noted.

contends that Koenigsmann acted with gross negligence by failing to supervise the medical staff, failing to maintain medical records, and permitting the staff to withhold medical treatment.

In addition, Liner claims that he requires a bottom bunk because he has a bladder problem, a leg injury, and back injuries sustained prior to his incarceration. Wilcox allegedly refused Liner's request in retaliation for Liner's filing grievances. Liner also alleges that Fischer and Koenigsmann acted with deliberate indifference when they enforced a policy that did not allow him to have a bottom bunk. Liner requests an injunction against Koenigsmann and Fischer to ensure that Liner be assigned a bottom bunk. In addition, Liner contends that his back injuries have not been adequately treated. It is not clear from the Complaint or accompanying materials who Liner wishes to sue with regards to the treatment of his back, or whether he has been assigned a bottom bunk at his current facility.[2]

### B. Liner's Other Claims

Liner asserts that he was denied food at three different prisons operated by Fischer and was subjected to teasing and the denial of food by an unnamed guard. Liner contends that Fischer was notified of these deprivations when Liner filed grievances. Liner also contends that under the supervision of Fischer, Liner's property was damaged in transit, including some of his legal paperwork, and that a guard at Gowanda threatened to urinate on his property if he did not fill out a form.

Liner further asserts that his due process rights were violated during three separate disciplinary hearings while he was incarcerated and seeks $750,000.00 from Fischer and injunctive relief from the disciplinary sanctions that have been imposed on him. Lastly, Liner

---

[2] At the time this motion was filed, Liner was incarcerated at Wende Correctional Facility and has since been transferred to Attica Correctional Facility. (See ECF No. 78.)

claims that DOCCS Directive 2788, which orders seizure of an inmate's incoming funds when he owes a debt, is unconstitutional, because it leaves him with insufficient funds to buy postage stamps for personal mail.

### C. Procedural History

On December 20, 2012, Defendants moved to dismiss the Complaint on the grounds that (1) Liner cannot bring claims against Fischer, Koenigsmann, and Perez based on supervisory liability; (2) Liner has failed to state a claim for deliberate indifference; (3) Liner has failed to state a claim for conspiracy; and (4) some of the claims are untimely. (ECF No. 47.) On January 15, 2013, Liner filed papers opposing Defendants' motion to dismiss. (ECF No. 51.) On February 8, 2013, Defendants filed a Reply Memorandum of Law in Further Support of their Motion to Dismiss. (ECF No. 59.) In the interim, Liner filed two motions for a preliminary injunction on January 2, 2013 and February 5, 2013, regarding the DOCCS collection policy and Liner's access to law books. (ECF Nos. 49, 55.) On May 2, 2013, Magistrate Judge Cott issued a Report and Recommendation recommending that both motions for the preliminary injunction be denied. (ECF No. 66.) The Court addresses these motions in a separate order entered today.

### D. The June 24, 2013 Report and Recommendation

Magistrate Judge Cott filed a thorough and complete 42-page report recommending that the Court dismiss all claims with prejudice against Fischer, Koenigsmann, and Perez and deny the motions for preliminary injunctions against Defendants as moot. Magistrate Judge Cott also recommended that all claims against Wilcox be dismissed, except the claim of deliberate indifference with respect to Liner's glaucoma treatment and back pain, having determined that Liner's allegations against Wilcox were sufficient to overcome a motion to dismiss.

E.     The Parties' Objections

Liner objects to the R&R, arguing that Fischer and Koenigsmann both maintained a policy under which he was denied a bottom bunk and claiming that Liner sent numerous letters and grievances to Defendants generally, which he states are sufficient to show that they are each personally liable. (Pl. Obj. to R&R at 1–2.) With respect to the loss and destruction of legal materials, Liner claims that these violations "certainly hampered a few state court proceedings," and that Fischer should be held liable because of his failure to supervise employees. (Id. at 3–4.) Liner objects that the grievance process and Liner's complaints are sufficient to establish Koenigsmann's personal involvement and responsibility for the offending policies. (Id. at 5–7.) Liner also contends that Perez failed to respond to a grievance filed by him, and thus, exhibited gross negligence. (Id. at 8–9.)

Defendants object to Magistrate Judge Cott's recommendation to deny the motion to dismiss the deliberate indifference claims against Wilcox on the grounds that Liner's requested treatment is not necessary for the treatment of a sufficiently serious condition and that the allegations amount to nothing more than a disagreement between Liner and his doctor over the proper medical treatment for his ailments. (Def. Obj. to R&R at 10–17.)

II.    STANDARD OF REVIEW

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to an R&R, the Court reviews the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). For uncontested portions, the Court need only review the face of the record for clear error. Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine whether the Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)).  A complaint will not survive a motion to dismiss if it contains merely "labels and conclusions" or amounts to a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.  Because Liner is proceeding with this case pro se, his Complaint "must be construed liberally to raise the strongest arguments it suggests," but nevertheless "must state a plausible claim for relief." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotations and alterations omitted).

## III.     ANALYSIS

### A.      Medical Claims

#### 1.      Legal Standard

"An Eighth Amendment claim arising out of inadequate medical care requires a demonstration of 'deliberate indifference to a prisoner's serious medical needs.'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Estelle v. Gamble, 492 U.S. 97, 104 (1976) (alterations omitted)).  Deliberate indifference consists of "a subjective component and an objective component," id., meaning Liner must allege that (1) he was deprived of medical treatment for a sufficiently serious medical issue,[3] and (2) Defendants "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm [would] result." Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013) (quotations omitted).

---

[3] In evaluating whether a prisoner has a "serious medical need" in terms of adequacy of treatment offered, the Court considers "the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003).

In the Second Circuit, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Spavone, 719 F.3d at 135 (internal quotations omitted); see Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). A supervisory defendant may be personally liable if a plaintiff establishes that the defendant: (1) "participated directly" in violating the plaintiff's constitutional rights, (2) failed to remedy a wrong after being notified through a report, (3) "created a policy or custom under which unconstitutional practices occurred," or permitted this sort of policy to continue, (4) acted with gross negligence in supervising employees who directly violated the plaintiff's constitutional rights, or (5) acted with deliberate indifference after receiving information suggesting that "unconstitutional acts were occurring." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).[4] Conclusory allegations of a defendant's role in the creation and enforcement of unconstitutional policies cannot sustain a claim of personal involvement. See Richardson v. Dep't of Corr., No. 10 Civ. 6137 (SAS), 2011 WL 710617, at *3 (S.D.N.Y. Fed. 28, 2011); Koehl v. Bernstein, No. 10 Civ. 3808 (SHS) (GWG), 2011 WL 2436817, at *19 (S.D.N.Y. July 17, 2011) (citations omitted) report and recommendation adopted by 2011 WL 4390007 (S.D.N.Y. Sept. 21, 2011).

To state a conspiracy claim under Section 1983, a plaintiff must allege "(1) an agreement between [two or more state actors ]; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. Cnty. Of Nassau, 292 F. 3d 307, 324–25 (2d Cir. 2002) (citations omitted).

---

[4] The Court agrees with Magistrate Judge Cott's analysis as to the effect of Iqbal on the use of these factors in the Second Circuit. Specifically, the Court agrees with the majority view that in situations where the plaintiff is not alleging discriminatory intent, these factors may still be considered to determine whether a defendant has personal involvement. Hodge v. Sidorowicz, No. 10 Civ. 428 (PAC) (MHD), 2011 WL 6778524, at *16 (S.D.N.Y. Dec. 20, 2011) report and recommendation adopted by Hodge v. Wladyslaw, 2012 WL 701150 (S.D.N.Y. Mar. 6, 2012).

      2.      <u>Recommendation to Dismiss Claims Against Fischer, Koenigsmann, and Perez</u>

Magistrate Judge Cott recommended that the claims against Fischer, Koenigsmann, and Perez regarding Liner's medical treatment be dismissed because Liner did not allege sufficient facts to indicate that these Defendants were personally involved in the alleged violations. Liner objects to this portion of the R&R, claiming that his allegations are sufficient to show that they are each personally liable. (Pl. Obj. to R&R at 1, 6.) The Court considers this portion of the R&R <u>de</u> <u>novo</u> and agrees with Magistrate Judge Cott's conclusions.

The Court agrees with Magistrate Judge Cott that even considering Liner's alleged communications with Defendants, <u>see</u> <u>Grullon v. City of New Haven</u>, No. 11-3184-pr, 2013 WL 3023464, at **6–7 (2d Cir. June 19, 2013), Liner has failed to state a claim regarding medical treatment against Fischer because the one letter to Fischer that Liner identifies was written before Liner was incarcerated at Lakeview, where his medical claims allegedly arose.

With respect to Koenigsmann, the Court agrees with Magistrate Judge Cott that Liner does not allege any facts to indicate Koenigsmann was personally involved with the deprivation of glaucoma medication, skin treatment, or denial of a bottom bunk, or had any involvement with a policy under which unconstitutional acts occurred. Again, even considering Liner's alleged communications and construing Liner's filings liberally, <u>see id.</u>, Liner's conclusory assertions lack any factual support to sustain his claims of Koenigsmann's personal involvement.

Further, the Court agrees that Liner's claims against Perez appear to be based solely on the fact that she occupies a high position in the New York prison hierarchy, and his conclusory allegations of her personal involvement are insufficient to state a claim. See <u>Back v. Hastings on</u>

Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004); Curtis v. Williams, No. 11 Civ. 1186 (JMF), 2013 WL 1915447, at *6 (S.D.N.Y. May 9, 2013).

Similarly, because Liner has also failed to allege that Defendants engaged in a meeting of the minds or any overt acts in furtherance of a conspiracy, it follows that Liner's conspiracy claims must be dismissed. Mere conclusory allegations of a conspiracy, without more, do not meet the requirement for a facially sufficient claim for conspiracy. Ciambriello, 292 F. 3d at 324–25. For the above reasons, the Court rejects Liner's objections and adopts this portion of the R&R.

        3.    Recommendation to Deny the Motion to Dismiss Liner's Claims Against Wilcox

Magistrate Judge Cott recommended that the Court deny the motion to dismiss the claims against Wilcox related to Liner's glaucoma and back pain, concluding that Liner sufficiently alleged Wilcox's personal involvement in the denial of medical care for these medical needs. Defendants object to this portion of the R&R, claiming that Liner's ailments were improperly classified as "serious medical need[s]." (Def. Obj. to R&R at 13–14.) Defendants object that Liner's claims amount to nothing more than a disagreement between Liner and his doctor over the proper medical treatment (id.), and contest Liner's claims with regard to his treatment history and conditions (id. at 15–17). The Court considers this portion of the R&R de novo and agrees with Magistrate Judge Cott's determinations.

The Court agrees with Magistrate Judge Cott that glaucoma and the effects of non-treatment may be considered a serious medical condition, considering "the particular risk of harm faced by [the] prisoner due to the challenged deprivation of care." Smith v. Carpenter, 316 F.3d 178, 183–84 (2d Cir. 2003). The Court also agrees that for pleading purposes, Liner's

9

allegations of chronic back pain as sufficient because "[d]epending on the circumstances, severe back pain can rise to the level of a serious medical condition." Thomas v. Connolly, 10 Civ. 2401 (PAC) (MHD), 2012 WL 3776698, at *26 (S.D.N.Y. Apr. 10, 2012), report and recommendation adopted by 2012 WL 3758457 (S.D.N.Y. Aug. 30, 2012).  Liner's alleged skin conditions, however, fall well short of a serious medical need for the purposes of this Eighth Amendment claim.  See Swindell v. Supple, No. 02 Civ. 3182 (RWS), 2005 WL 267725, at *7 (S.D.N.Y. Feb. 3, 2005).

With respect to Liner's glaucoma and chronic back pain, the Court agrees with Magistrate Judge Cott that, for the purposes of considering this pro se complaint on a motion to dismiss, Liner sufficiently alleged that Wilcox "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm [would] result." Spavone, 719 F.3d at 127.  Liner alleged that he specifically told Wilcox that he needed additional medication, and that Wilcox deprived him of this medication, claiming that he could not provide Liner with the medication due to budget cuts.  Liner has also alleged that Wilcox was personally responsible for Liner's bottom-bunk permit but failed to perform the required evaluation.  (R&R at 22, 26.)  While these claims seem weak, the allegations must be accepted as true at this stage, and they are sufficient to survive a motion to dismiss.  Defendants' objections raise factual issues that are not appropriately considered on a motion to dismiss.  See Johns v. Goord, No. 09 Civ. 1016 (NAM), 2010 WL 3907826, at *3 (N.D.N.Y. Sept. 30, 2010).  Accordingly, the Court rejects Defendants' objections and adopts this portion of the R&R.

### B.   Retaliation Claims

To allege a retaliation claim that a prisoner's First Amendments right have been violated, the prisoner must show "(1) that the speech or conduct at issue was protected, (2) that the

10

defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Espinal v. Goord, 558 F.3d 119, 128 (2d Cir. 2009) (citation and internal quotation marks omitted). To satisfy the third prong, the prisoner must show "his constitutionally protected conduct 'was a substantial or motivating factor for the adverse actions taken by prison officials.'" Allah-Kasiem v. Sidorowicz, No. 09 Civ. 9665 (DLC), 2012 WL 2912930, at *9 (S.D.N.Y. July 17, 2012) (quoting Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003)).

Magistrate Judge Cott recommended that this claim be dismissed because Liner failed to assert facts that would support a causal connection between his speech and Wilcox's alleged adverse actions. Liner does not object to this portion of the R&R, which the Court thus reviews for clear error. Finding none, the Court adopts this portion of the R&R.

### C. Denial of Food

Magistrate Judge Cott recommended that Liner's claims regarding a denial of food be dismissed because Liner does not name any defendant or allege when the deprivation took place. Liner does not object to this portion of the R&R. Accordingly, the Court reviews this portion of the R&R for clear error. Finding none, the Court adopts this recommendation.

### D. Deprivation of Property and Legal Materials

If a state court provides an adequate remedy for the deprivation of a prisoner's property, that prisoner may not bring a claim for deprivation of property in federal court. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Magistrate Judge Cott recommended that Liner's claim for deprivation of property be dismissed because New York provides such a remedy in the form of a Court of Claims action and because Liner did not allege any facts to explain how any Defendant was personally involved in this alleged violation. Liner's objections to the R&R on this point

mainly concern his destruction of legal papers, as discussed below.  Since New York makes a Court of Claims action available to prisoners in Liner's position, the Court adopts Magistrate Judge Cott's recommendation regarding the deprivation of property claim.

As for Liner's claim against Fischer alleging a denial of access to courts, a prisoner must have "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351 (1996) (quotations omitted).  "[T]o state a valid access-to-the-courts claim, a prisoner must allege that the prison officials' deliberate and malicious interference resulted in 'actual injury,' such as the dismissal of an otherwise meritorious legal claim on direct appeal." John v. New York Dep't of Corr., 130 F. App'x 506, 507 (2d Cir. 2005) (summary order) (internal quotations omitted); see Davis v. Goord, 320 F.3d 345, 351 (2d Cir. 2003).  Magistrate Judge Cott recommended that this claim be dismissed because Liner failed to identify any individual who was personally involved in the damage to his legal materials.  Liner objects to the R&R, claiming that Fischer's "failure to properly supervise it's [sic] employees" was alleged in the Complaint, and that this failure resulted in lost or damaged legal mail. (Pl. Obj. to R&R at 3.)  Liner does not, however, allege facts to support a claim that Fischer was personally involved in this deprivation of property. Additionally, Liner does not allege any facts to support his conclusory claim that prison officials' interference resulted in an actual injury has thus failed to state a claim with respect to a denial of access to courts.  For these reasons and reviewing this issue de novo, the Court agrees with Magistrate Judge Cott's recommendation and dismisses this claim.

### E. Disciplinary Due Process

To state a claim of denial of due process under the Fourteenth Amendment, a plaintiff must allege that he was deprived of a property or liberty interest.  Perry v. McDonald, 280 F.3d

159, 173 (2d Cir. 2001).  With respect to prison disciplinary proceedings, a plaintiff can show a liberty interest is implicated "only if the discipline imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Davis v. Barrett, 576 F.3d 129, 133 (2d Cir. 2009) (quotations omitted).  Magistrate Judge Cott recommended that Liner's disciplinary due process claims related to the May and August 2011 proceedings be dismissed because Liner did not allege any facts to support that his confinement constituted an atypical and significant hardship.  As for the disciplinary proceedings that Liner alleges occurred in 2007, Magistrate Judge Cott recommended that these claims be dismissed as untimely.[5]  Liner has not objected to this portion of the R&R, which the Court reviews for clear error.  Finding none, these claims are dismissed.

     F.     **DOCCS Collection Policy**

Although "prisoners have a right to the free flow of incoming and outgoing mail," certain restrictions may be placed on postage for personal mail.  Johnson v. Goord, 445 F. 3d 532, 534 (2d Cir. 2006) (quotations omitted).  Magistrate Judge Cott recommended Liner's claims regarding the DOCCS Collection Policy be dismissed, because the Second Circuit has held that a prison's one-stamp-per-month policy for personal mail does not violate a prisoner's First Amendment rights.  See id.  Liner did not object to this portion of the R&R, which the Court reviews for clear error.  Having found no clear error, the Court adopts this portion of the R&R.  In addition, the Court agrees that Liner's January 2, 2013 preliminary injunction motion regarding stamps for personal mail is not properly before the Court because Liner has not taken

---

[5]  The statute of limitations on Section 1983 claims brought in New York is three years.  Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004) (citations omitted).

any action to exhaust his administrative remedies with respect to these allegations, and thus dismisses this claim.

### G. Injunctive Relief

In the June 24, 2013 R&R, Magistrate Judge Cott recommended that Liner's requests for a preliminary injunction regarding his third bottle of glaucoma medication and bottom bunk be denied as moot, after noting that Liner acknowledged receipt of this medication since filing this action and that Liner had not alleged that he was being denied a bottom bunk since he was transferred from Lakeview. Magistrate Judge Cott recommended that Liner's other preliminary injunction requests regarding access to his records be rejected as well. Liner did not formally object to these recommendations, but since the June 24, 2013 R&R was issued, Liner has filed an additional preliminary injunction motion regarding his glaucoma medication and has sought additional records, for which Magistrate Judge Cott has established a briefing schedule. For the purposes of this order, the Court denies all of Liner's requests for injunctive relief for the reasons set forth in the June 24, 2013 R&R, but without any prejudice to the issues currently pending before Magistrate Judge Cott.

### H. Leave to Replead

"A pro se complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Grullon, 2013 WL 3023464, at *5 (quotations and alterations omitted). Leave to amend may properly be denied, however, if amendment would be futile. Id. In addition, an "extremely litigious inmate" is likely to have a greater familiarity with the system and pleading requirements, and therefore may be granted less leniency than other pro se plaintiffs. Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994). But see Sledge v. Kooi, 564 F.3d 105, 109 (2d Cir.

2009) (noting, in dicta, that "Absent a strong showing that a pro se litigant has acquired adequate experience more generally, so as to render special solicitude unnecessary and potentially inappropriate, a court would do well to limit the withdrawal of special status to specific contexts in which the litigant's experience indicates that he may be fairly deemed knowledgeable and experienced" (citing Davidson, 32 F.3d at 31)).  Magistrate Judge Cott recommended that Liner not be granted leave to amend the Complaint, having concluded that Liner has had several opportunities to supplement the Complaint and the record, all of which Magistrate Judge Cott considered in this matter.  Magistrate Judge Cott also noted that that Liner has filed nearly two dozen cases in federal courts during the period of his incarceration and that many of his claims have dealt with the same issues as those presented in this case.

Liner has not objected to this portion of the R&R, which the Court reviews for clear error.  The Court finds no clear error with this recommendation, but emphasizes that, in its own independent evaluation of the interests at issue, see Grullon, 2013 WL 3023464, at *6 ("e.g., that motions to amend should be granted freely in the interests of justice, that a pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once, and that a pro se plaintiff's proposed amended complaint should be construed to raise the strongest arguments it suggests"), the Court is convinced that Liner should not be granted leave to replead, primarily for the reasons set forth in the June 24, 2013 R&R.

## **CONCLUSION**

For the foregoing reasons, the Court adopts Magistrate Judge Cott's R&R in its entirety. The sole remaining claim in this action is Liner's claim that Wilcox was deliberately indifferent to Liner's medical needs with respect to Liner's glaucoma and chronic back pain.  All future proceedings in this action must be limited exclusively to this claim.  Any departure from this

15

delineation or attempts to expand the complaint to other issues may result in sanctions, including dismissal for failure to comply with the Court's decision. The Clerk of Court is directed to terminate the motion at docket number 46. The reference to Magistrate Judge Cott continues for further disposition of this matter.

Dated: New York, New York
      August 7, 2013

SO ORDERED

*[signature]*

PAUL A. CROTTY

Copies sent by chambers to:
Mr. Joshua Liner
DIN #04-A-4086
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149