UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JOSHUA LINER,

                *Plaintiff*,

    -against-

BRIAN FISCHER, *et al.*,

               *Defendants*.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 27, 2014

11 Civ. 6711 (PAC)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Plaintiff Joshua Liner ("Plaintiff" or "Liner") brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was a New York State prisoner. Following the Court's adoption of Magistrate Judge Cott's Report and Recommendation of June 24, 2013, *see Liner v. Fischer*, 2013 WL 3168660 (S.D.N.Y. June 24, 2013) ("*Liner II*"), the only remaining claim is against Defendant Lawrence Wilcox ("Defendant" or "Wilcox") for deliberate indifference to Plaintiff's medical needs with respect to Liner's treatment for glaucoma and chronic back pain. Defendant Wilcox now moves to have Plaintiff's in forma pauperis ("IFP") status revoked.

## BACKGROUND

    Early in this case, Defendants moved to revoke Liner's IFP status, arguing that because he had accumulated more than three strikes, he was barred from filing further actions without prepayment of the filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). (Dkt. 15). The Court denied this motion, finding that although Liner had accumulated

over three strikes, Liner had alleged that he was in "imminent danger of serious physical injury," and therefore was excused from the PLRA's three strikes rule. *Liner v. Fischer*, 2012 WL 2847910, at *2-4 (S.D.N.Y. July 11, 2012) ("*Liner I*"). Following briefing on Defendants' motion to dismiss and the parties' exchange of discovery on Liner's remaining claim, Wilcox sought to renew his motion to revoke Liner's IFP status. Magistrate Judge Cott instructed Wilcox to make a preliminary showing, with evidence from the record, that Liner had not been in any imminent danger of serious physical injury when he filed the lawsuit. Wilcox did so, submitting the declaration of Dr. Karen Schoene, Liner's treating ophthalmologist, and his own declaration, both of which state that Liner was never at risk of losing his vision and explain the medical reasoning behind this determination. (Dkt. 106, 107, 108). Magistrate Judge Cott thereby allowed Wilcox to make a second motion to revoke Liner's IFP status, and on June 25, 2014, Magistrate Judge Cott issued an R & R recommending that the motion be granted.[1] (Dkt. 127). The R & R also recommended requiring Liner either to pay the Court's filing fee in full[2] or to file an amended IFP application within thirty days. Magistrate Judge Cott recommended that Liner's remaining claim be dismissed should Liner fail to follow one of these options.

## DISCUSSION

### I. Standard

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party makes a timely written objection, the district court must review the

---

[1] Magistrate Judge Cott also noted that Liner's two motions for an extension of time to respond are moot, and recommended that these motions be terminated. (R & R at 3 n.4).

[2] On April 29, 2014, Liner submitted $39.14 towards his filing fee. On July 17, 2014, he enclosed $100 with his objections to Magistrate Judge Cott's R & R.

2

contested issues *de novo*. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). The Court, however, "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

## II. Analysis

Liner's objections assert (1) that "[t]he court's interpretation or glass window review of the case is improper, the focus here is rather or not can a Jury find in favor of the plaintiff after hearing all the evidence"; (2) that "the witnesses' statements['] credibility is a fact finding process for the jury. And all ready I can point out here [n]umerous inconsistent statements articulated by the witnesses, who do bear relationship"; and (3) "the in [] forma pauperis should continue as long as those obligations are met. In addition, since no pre-trial conference has been submitted, the court should make some form of attempt." (Dkt. 128). In light of Liner's *pro se* status, the Court construes Liner's objections to raise the strongest arguments they suggest. The Court interprets his statements as objecting to the recommendation to revoke his IFP status on the grounds that Defendants' statements in support of their motion are false and that the factual determination of his imminent danger should be made by a jury. Additionally, Liner objects to the recommendation that he pay the filing fee in full in light of his partial payments and indigent status.

Magistrate Judge Cott recommended revoking Liner's IFP status because he has accumulated three strikes under the PLRA and was not in imminent danger of serious physical injury at the time he filed the Complaint. R & R at 1; *see also Liner I*, at \*2-4 (describing Liner's litigation history and finding that he has three strikes). "A court may find that a complaint does not satisfy the imminent danger exception if the complainant's claims of

3

imminent danger are conclusory or ridiculous." *Chavis v.* Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). Defendants have now submitted credible evidence, in the form of sworn affidavits and medical records, that Liner was never in imminent danger; therefore, the grounds for denying the prior motion to revoke Liner's IFP status no longer exist. Liner's allegation that the statements are false is conclusory, and he is incorrect that a jury must determine the credibility of these statements. The Court agrees with the R & R's finding that Defendant has demonstrated that Liner was never in imminent danger, and therefore his IFP status should be revoked.

Magistrate Judge Cott also recommended that following revocation of Liner's IFP status, he should be given time to either pay the full $350 filing fee or to refile for IFP status. The Court interprets Liner's objection to this recommendation as suggesting that Liner should be allowed to continue making partial payments towards the filing fee without revocation of his IFP status and without facing dismissal of his claim. But Liner has provided no explanation of why such a self-implemented payment plan is appropriate. The PLRA requires prisoners bringing civil actions under IFP status to pay the full amount of a filing fee. While a partial payment plan is available for prisoners with IFP status, *see* 28 U.S.C. § 1915(b), Liner is no longer incarcerated and is not entitled to make periodic payments. *See Harris v. City of N.Y.*, 607 F.3d 18, 22 (2d Cir. 2010) (Section "1915(b) must be read to require that once a prisoner is no longer incarcerated, either he pay the entire remaining amount of the filing fee or his obligation to pay fees is determined as it would be for any non-prisoner."). Although Liner seeks to continue to make partial payments towards the filing fee whenever he so chooses, Magistrate Judge Cott was correct that such an approach is improper.

4

Magistrate Judge Cott's recommendation does not require Liner to pay the fee in full. Magistrate Judge Cott specifically recommends that Liner be allowed to apply for IFP status as a non-incarcerated litigant pursuant to 28 U.S.C. § 1915(a)(1). Liner's conclusory assertion that this is incorrect is unavailing. Should Liner reapply for IFP status or pay the filing fee in full, he will then be able to proceed with the prosecution of this case.

The Court finds no clear error in any remaining aspect of the R & R.

## CONCLUSION

For the foregoing reasons, and upon consideration of Plaintiff's objections, the Court adopts Magistrate Judge Cott's R & R in its entirety. The Court grants Defendant Wilcox's motion to revoke Plaintiff's IFP status. Liner's motions for extensions are dismissed as moot. The Clerk of Court is directed to terminate the pending motions at Dkt. 120, 122, and 112. Plaintiff is directed to pay the Court's filing fee in full or to file an amended IFP application by November 24, 2014, or this action will be dismissed.

Dated: New York, New York
October 24, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Joshua Liner
3050 Park Avenue, Apt. 14F
Bronx, NY 10451